IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

_____

| | | |
|---|---|---|
| JORGE MONTENEGRO, PRO SE, | § | |
| TDCJ-CID No. 1349365 | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:07-CV-0083 |
| | § | |
| CHANCE M. COZBEY, | § | |
| CRISTALL LINDSEY, | § | |
| NFN LACKEY, | § | |
| PAMELA WILLIAN, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff JORGE MONTENEGRO, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

By his complaint, as supplemented by his May 16, 2008 Questionnaire response, plaintiff alleges that, on or about April 8, 2007, defendant COZBEY shut the food slot on plaintiff's arm, leaving a cut. Plaintiff says a nurse arrived in the pod later, examined his arm, and "put a bandent around [his] arm." He states his arm was checked by a nurse two weeks later, with no further treatment.

Plaintiff alleges that, on or about April 13, 2007, defendant LACKEY refused to feed him breakfast, telling him "act stupen now throuh some on me too do what you did to my homeboy Cozbey [sic et passim]." Plaintiff contends this was an act of retaliation.

Plaintiff states in his complaint that he is suing defendant WILLIAN because she "refuse to investigate the complaint" and, in his Questionnaire response, that "she hier them to work, and they agreat were when stuff denies my allegation."

As to defendant LINDSEY, plaintiff states she is the officer that took him to the infirmary where defendant HEINE took a picture of plaintiff's arm.

Plaintiff makes no request for relief of any sort.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by the defendants.

## THE LAW AND ANALYSIS

**Defendant COZBEY**

The malicious and sadistic use of force to cause harm violates contemporary standards of decency; however, not every malevolent touch, push, or shove by a prison guard gives rise to a federal cause of action. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). A use of force which is not "repugnant to the conscience of mankind," *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (1986), is excluded from the Eighth Amendment's prohibition of cruel and unusual punishment and is considered to be *de minimis*.

In examining a claim of excessive force, the core inquiry is "whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986). To determine whether the use of force could plausibly have been thought necessary or evinced a wanton infliction of pain, the Court may evaluate the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived, and any efforts made to temper the severity of the response by prison officials. An absence of serious injury is relevant to this inquiry, but does not constitute its entirety. *Id*. 503 U.S. at 7, 112 S.Ct. at 999.

The Court notes that plaintiff has conceded he was in violation of security in that he had taken the food slot hostage in order to get a supervising officer. If securing the food slot were not important to security, security personnel could simply ignore the problem instead of taking the time and trouble to get a supervisor. Consequently, it is clear that some force could reasonably have been used and COZBEY's action did not evince a wanton infliction of pain but, rather, was an attempt to restore discipline.

Further, an examination of the injury plaintiff claims to have suffered leads to the conclusion of *de minimis* force. Plaintiff's only injury was a slight cut which required only a band-aid or bandage that day, and no further treatment subsequently. Both the force utilized and the injury suffered are very similar to that suffered by the plaintiff in *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)(unprovoked twisting of inmate's arm and twisting his ear resulting in sore and bruised ear for three days constituted *de minimis* injury indicating *de minimis* force). The injury plaintiff has alleged is clearly de minimis and will not support a valid Eighth Amendment. *Id.* Consequently, plaintiff's claim against defendant COZBEY lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**Defendant LACKEY**

Plaintiff's allegations against defendant LACKEY touch on two possible claims, a retaliation claim and an Eighth Amendment conditions of confinement claim.

To claim retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir.

1998).  The inmate must be able to point to a specific constitutional right that has been violated. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999).  To state a claim, the inmate must allege more than his personal belief that he is the victim of retaliation.  *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).  Conclusory allegations of retaliation are not sufficient; the plaintiff must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred.  *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).  A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___ n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007).  Moreover, causation requires the plaintiff show that but for the retaliatory motive, the adverse act would not have occurred.  *McDonald*, 132 F.3d at 231.  Finally, the retaliatory adverse act must be more than inconsequential or *de minimis*, that is, it must be capable of deterring a person of ordinary firmness from further exercising his constitutional rights.  *Morris v. Powell*, 449 F.3d 682 (5th Cir. 2006).

      The only reason plaintiff has given for the claimed retaliation by LACKEY is that he thought plaintiff had "chunked" or thrown something at defendant COZBEY on the day of the previous incident, analyzed above.  The fact that plaintiff received and was found guilty of a disciplinary case for that act against COZBEY on the date of the incident with COZBEY lends support to an inference that this was the basis for the alleged retaliation.  In any event, plaintiff has not alleged LACKEY's refusal to give him breakfast was triggered by plaintiff's exercise of any constitutionally protected right and, therefore, any section 1983 claim of retaliation must fail.

As to an Eighth Amendment condition of confinement claim, deprivation of food constitutes cruel and unusual punishment in violation of the Eighth Amendment only where a prisoner is denied the " 'minimal civilized measure of life's necessities.' " *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998)(citing *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991)(quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). Whether the specific deprivation falls below this threshold depends on the amount and duration of the deprivation. *Talib*, 138 F.3d at 214 n.3. The deprivation of a single meal does not constitute the continuous or substantial denial of food necessary to constitute an Eighth Amendment violation. *Accord*, *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998); *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986)(state is not required to furnish prisoners with three meals a day). Plaintiff's claim based on a single denial of a meal lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**Defendant WILLIAN**

Plaintiff has alleged this defendant "refuse to investigate the complaint[3]" and, in his Questionnaire response, that "she hier them to work, and they agreat were when stuff denies my allegation." Plaintiff's claim against WILLIAN appears to be based, in whole or in part, upon the supervisory capacities of this defendant and her failure to correct the alleged wrong; however, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). Section 1983 does not create supervisory or *respondeat superior* liability. *Alton v. Tex. A&M*

---

[3]By his May 16, 2008 response to question no. 11 of the Questionnaire, plaintiff makes it clear that his grievances were routed to and answered by P. Sloan, not defendant WILLIAN.

*Univ.*, 168 F.3d 196, 200 (5th Cir. 1999)( "Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983."); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir.1987)("Under section 1983 supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*).  A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed.  *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*).  Plaintiff has alleged no fact demonstrating personal involvement by WILLIAN and has alleged no fact showing any causal connection between any act or omission by her and the alleged constitutional violation.  Consequently, plaintiff's allegations against this defendant fail to state a claim on which relief can be granted.

**Defendant LINDSEY**

As to defendant LINDSEY, plaintiff makes no allegation of any act or omission by her which harmed him in any way, and it appears he included her name among the defendants because she was a witness to the fact that plaintiff had sustained a cut on his arm.  Plaintiff has not stated a claim against defendant LINDSEY of any sort.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil

Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff JORGE MONTENEGRO be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 24th day of April, 2009.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and

recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).